IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


TAMARA MCWILLIAMS; HENRY                )
SHAMBRY, JR.; D. GRANT WALTER;          )   Civil No. 02-1426-JE
and STEVEN ARMONY; individually         )
and on behalf of other                  )   FINDINGS AND
persons similarly situated,             )   RECOMMENDATION
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )
                                        )
PORTLAND PUBLIC SCHOOL DISTRICT         )
NO. 1J; MULTNOMAH COUNTY, OREGON;       )
PORTLAND BOARD OF EDUCATION;            )
MARC ABRAMS; LOLENZO POE; SUE           )
HAGMEIER; DERRY A. JACKSON, SR.;        )
DEBBIE GOLDBERG MENASHE; JULIA          )
BRIM-EDWARDS; KARLA WENZEL; and         )
JAMES SCHERZINGER,                      )
                                        )
            Defendants.                 )
_____)

      Mark E. Griffin
      Griffin & McCandlish
      215 S.W. Washington Street, Suite 202
      Portland, OR 97204


FINDINGS AND RECOMMENDATION - 1

    William D. Brandt
    1820 Commercial Street, S.W.
    Salem, OR 97302

        Attorneys for Plaintiff

    Jeffrey D. Austin
    J. Michael Porter
    Miller Nash LLP
    111 S.W. Fifth Avenue, Suite 3400
    Portland, OR 97204

        Attorneys for Defendant

JELDERKS, Magistrate Judge:

    Plaintiffs Tamara McWilliams, Henry Shambry, D. Grant Walter, and Steven Armony bring this class action alleging that they were unlawfully terminated from their positions as custodial employees of defendant Portland Public School District No. IJ (PPS). Defendants moves to strike plaintiffs' first amended complaint. The motion should be denied.

## BACKGROUND

    Plaintiffs McWilliams and Shambry originally filed this action in Multnomah County Circuit Court in August 2002. In their original complaint, the named plaintiffs described the class they sought to represent as being "comprised of those persons who have been dismissed from their positions as civil service custodians by PPS, whose reinstatement to their civil service positions has been ordered by the [Custodians Civil Service Board] and who have not been reinstated to their positions." The original complaint alleged that the class included approximately 92 members, and sought reinstatement of

FINDINGS AND RECOMMENDATION - 2

the named plaintiffs and "all other similarly situated individuals."  Later in the summer of 2002, after this action had been filed in state court, defendants terminated two more groups of civil service custodians.

Defendants removed the action to this court on October 21, 2002, on the grounds that the complaint raised a federal question over which this court has original jurisdiction.  The case was assigned to the Honorable Helen Frye.

In addition to this case, several other lawsuits addressed PPS's right to terminate its custodial employees in 2002.  In <u>Scherzinger v. Portland Custodian Civil Service Board</u>, Case No. 0208-08154, PPS brought an action in the Multnomah County Circuit Court challenging a decision of the Portland Custodians Civil Service Board ordering reinstatement of terminated custodians.  In <u>McWilliams v. Portland Public School District No. IJ</u>, Case No. 0210-09876, the original named plaintiffs in the present action filed a writ of mandamus in the Multnomah County Circuit Court seeking to enforce the Portland Custodians Civil Service Board's reinstatement order.  In <u>Walter v. Scherzinger</u>, ERB DR-4-02, the union representing the custodians sought the Employment Relations Board's review of PPS's proposal to replace its custodial employees with contracted custodial services.

FINDINGS AND RECOMMENDATION - 3

After hearing oral argument on cross-motions for summary judgment on December 20, 2002, Multnomah County Circuit Court Judge Janice Wilson ruled in favor of PPS in the Multnomah County Circuit Court cases and entered a judgment that annulled a reinstatement order issued by the Portland Custodians Civil Service Board. In a decision in the present action, Judge Frey noted that "prior rulings in the state court have established that the Custodians' Civil Service Law, ORS 242.310 *et seq.*, does not require the School District to directly employ custodians and does not prohibit contracting for custodial services." McWilliams v. Portland Public School District No 1J, Civil No. 02-1426-FR, slip op. at 10 (April 8, 2003). Because she concluded that state court decisions holding that plaintiffs McWilliams and Shambry were not dismissed in violation of state law were "entitled to preclusive effect under Oregon law," Judge Frey granted defendants' motion to dismiss this action. Id. at 10-11.

Plaintiffs appealed Judge Frey's decision to the Ninth Circuit Court of Appeals. In August 2004, while that appeal was pending, the parties entered into a "Tolling Agreement." The Agreement was intended to avoid needless litigation expenses concerning the rights of terminated custodians who were not covered by the present action, by tolling the statute of limitations as to those custodians while the appeal of Judge Frey's decision was pending. The Tolling Agreement was

FINDINGS AND RECOMMENDATION - 4

intended to allow an additional 30 days following a reversal of Judge Frey's decision in which custodians who were not covered by the original complaint filed in this action could file actions asserting claims set out in the original complaint, initiate a class action, or file amendments to the complaint in this action to provide class status for the additional custodians.  To this end, the parties' Tolling Agreement stated, in relevant part:

> The parties agree that if after the exhaustion of all appeals, the judgment of the District Court in the Federal Court case is reversed, the Former Custodians who are subject to this tolling agreement will have thirty (30) days from the date of the entry of the Order of Reversal in which to file lawsuits asserting the claims alleged in the Federal Court case or to initiate a class action lawsuit or file appropriate amendments to the existing case to initiate class status for the Former Custodians.

The Ninth Circuit Court of Appeals deferred action on plaintiffs' appeal of Judge Frey's decision dismissing the present action pending resolution of related cases in the Oregon court system.  On October 13, 2005, the Supreme Court of Oregon issued an opinion reversing a decision of the Oregon Court of Appeals and a declaratory ruling of the Employment Relations Board, and holding that PPS was required to observe the merit system set out in the Custodians' Civil Service Law. <u>Walter v. Scherzinger</u>, 339 Or. 408, 426, 121 P.3d 644 (2005). On April 27, 2006, the Court denied a motion for reconsideration of that decision, and vacated and remanded the Oregon Court of Appeals' decisions in two related cases.

FINDINGS AND RECOMMENDATION - 5

Based upon the Oregon Supreme Court's disposition of these cases, on May 22, 2006, the Ninth Circuit Court of Appeals entered a judgment that reversed Judge Frey's decision dismissing the present action and remanded this action "for reconsideration consistent with these developments." McWilliams v. Portland Public School District, No. 1J, 181 Fed. Appx. 684 (9th Cir. 2006).

On June 14, 2006, well within the 30-day period provided in the Tolling Agreement, plaintiffs submitted an amended complaint to this court for filing. The amended complaint describes a proposed class with approximately 250 members, a considerably larger number than the 92 included in the original complaint. From the material plaintiffs have submitted in support of their opposition to the motion to strike, it appears that, because of an administrative error, the Ninth Circuit mandate remanding this action was not received by this court by that date, and that the amended complaint was not filed and docketed in this court until a copy of the mandate was received on July 12, 2006. William Brandt, one of plaintiffs' attorneys, asked Jeffrey Austin, counsel for defendants, for his consent to the filing of the amended complaint in a letter dated June 6, 2006, before plaintiffs' amended complaint was filed. According to his affidavit submitted in support of plaintiffs' opposition to the pending motion to strike the amended complaint, Brandt

FINDINGS AND RECOMMENDATION - 6

asked for Austin's consent only because of confusion as to the date of the Ninth Circuit's mandate. Defendants did not consent in response to Brandt's request.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that where, as here, a defendant has answered the original complaint, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ."

Defendants' move to strike plaintiffs' amended complaint on the grounds that plaintiffs violated Fed. R. Civ. P. 15(a) by failing to either obtain leave of the court or defendants' written consent before filing the amended complaint. Defendants correctly note that plaintiffs did not seek leave of the court before filing the amended complaint, and contend that, in the absence of such leave, the amended complaint could not become plaintiffs' operative pleading without their written consent. Defendants also "move that plaintiffs should not be granted leave of the court to file an amended complaint because the claims of the additional parties that plaintiffs seek to add to their class are barred by the applicable statute of limitations, and allowing the filing of the amended complaint would therefore be prejudicial to defendants."

Plaintiffs contend that defendants' motion to strike is "procedurally defective," untimely, and "substantively without

FINDINGS AND RECOMMENDATION - 7

merit." Because the third of these arguments is clearly correct, I will not address the first two contentions.

In their memoranda supporting the motion to strike the amended complaint, defendants acknowledge that the parties' agreement tolling the statute of limitations was intended "to allow an additional 30 days following a reversal of the case by the Ninth Circuit during which additional custodians not covered by the original complaint could take appropriate legal action to bring their claims before the court." Defendants' Memorandum in Support of Motion to Strike Class Action Amended Complaint at 2 (citing paragraph 2, Austin Declaration). The parties' Tolling Agreement provided three possible mechanisms for achieving that objective, allowing "the Former Custodians" who were terminated after the original complaint was filed 30 days following the Ninth Circuit's decision in which to: 1) file actions "asserting the claims alleged" in this action; 2) "initiate a class action lawsuit;" or 3) "file appropriate amendments to the existing case to initiate class status for the Former Custodians."

In filing their amended complaint, plaintiffs exercised the third of these options. Given that the acknowledged intent of the Tolling Agreement was to toll the statute of limitations as to terminated custodians not already covered by the original complaint, the term "appropriate amendments" in the Agreement necessarily refers to the very amendments set

FINDINGS AND RECOMMENDATION - 8

out in plaintiffs' amended complaint, which simply adds those custodians to this action.

This logical conclusion is reinforced by a provision in the Tolling Agreement that specifically proscribes the tolling of any claims that were not asserted in the original complaint.  Nothing in the parties' Tolling Agreement stated, suggested, or implied that, before filing the "appropriate amendments" needed to bring terminated custodians not already covered by the original complaint into this action, plaintiffs would be required to either seek the permission of this court or the consent of the defendants.  Instead, defendants' agreement that plaintiffs would be permitted to file "appropriate amendments" that would "initiate class status" for custodians not already covered by this action can only be construed as defendants' prior consent to the filing of an amended complaint having that effect.  Any other interpretation could render the third option set out in the parties' Tolling Agreement a nullity.  If the parties had intended that plaintiffs would be required to seek leave of the court or defendants' consent before filing "appropriate amendments," that intention needed to be stated in the Tolling Agreement.  In the absence of any indication that such consent would be required, the Tolling Agreement can only be interpreted as constituting defendants' prior consent to

plaintiffs' filing of the amended complaint that is the subject of this motion.

## CONCLUSION

Defendants' motion to strike (# 54) should be DENIED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due November 16, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 31st day of October, 2006.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge